I must respectfully dissent from the majority decision to reverse the Opinion and Award of the Deputy Commissioner in this matter by finding both misrepresentation and mutual mistake to set aside the Compromise Settlement Agreement pursuant to N.C. Gen. Stat. 97-17. Plaintiff has failed to show by the greater weight that the Agreement was entered into and approved under circumstances of fraud, misrepresentation, undue influence or mutual mistake of fact.
On November 19, 1998, plaintiff entered into an Agreement with defendants to settle her claim without coercion and under seemingly normal circumstances for the amount of her rating and an additional $6,150.00 for future medical expenses and the release of her right to a change of condition. The Agreement was approved on November 30, 1998. Soon thereafter on December 10, 1998, plaintiff returned to her treating physician to discover that she needed additional surgery. While this is unfortunate and in hindsight unfair to plaintiff, there are no means under the law to set aside the Agreement. In entering into a Compromise Settlement Agreement, both parties bear some amount of risk as to the consequences and uncertainties of a known injury. Furthermore, the Agreement was fair and reasonable when the Commission first approved it on November 30, 1998, Vernon v. Steven L. Mabe Buildings, 336 N.C. 425,444 S.E.2d 191 (1994).
The majority finds two grounds to overturn the Agreement. First, a mutual mistake by both parties due to an "error in diagnosis by Dr. Hoski in that plaintiff relied on the fact that plaintiff was doing well and that there were no problems. However, Dr. Hoskis subsequent discovery of the moving screw is not sufficient to set aside the Agreement. At the time the parties entered into the Compromise Settlement Agreement and when it was approved by the Commission on November 30, 1998, the parties believed that the titanium cage and hardware were intact with no changes or movements. Subsequent to approval of the Agreement, Dr. Hoski first discovered prior movement of a mechanical screw. The greater weight of the evidence of record indicates that the hardware defect was undiagnosable at the time Dr. Hoski rendered the rating. Furthermore, although Dr. Hoski did not notice the movement of the screw prior to December, 1998, this circumstance does not constitute a mutual mistake of fact so as to enable the parties to rescind the Agreement but instead constitutes a consequence of plaintiffs existing back condition and the uncertainties inherent with the future condition of her back. Mistakes relating only to the consequences or uncertainties of a known injury do not constitute a mutual mistake of fact authorizing the Commission to vacate an Agreement. Caudill v. Chatham Manufacturing Company, 258 N.C. 99,128 S.E.2d 128 (1962).
Next, the majority finds misrepresentation by the claims adjuster, Ms. Fall, when she explained to plaintiff that there were two options, either receive permanent partial disability on a Form 26 or settle the claim for a lump sum including plaintiffs permanent partial disability rating and future medicals. The majority finds that there was a misrepresentation because plaintiff may have been able to receive compensation for the loss of a body part and for serious bodily disfigurement neither of which were brought to plaintiffs attention. At most this is a mutual mistake of law that does not affect the validity of the Agreement as the mistake of law was not accompanied by fraud, misrepresentation, undue influence or abuse of a confidential relationship. Based upon plaintiffs own testimony, the testimony from Janet Fall, and the information contained in the Stipulated Activity Log Manual, there is no evidence to support a finding that defendants or any of their representatives committed fraud, misrepresentation or undue influence.
While in retrospect there is an apparent unfairness in that plaintiff required additional surgery and certainly her condition changed for the worse, the Agreement was fair when entered and approved and there are no legal grounds upon which to set it aside. Therefore, I respectfully dissent.
 S/_______________ DIANNE C. SELLERS COMMISSIONER